UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| HELLO FARMS LICENSING MI LLC, | Arenac Co. Cir. Court<br>No. 21-14610-CK |
| Plaintiff, | Hon. David C. Riffel |
| v. | |
| GR VENDING MI, LLC and<br>CURA MI, LLC, | Case No.: 2:21-cv-10499<br>Hon. |
| Defendants. | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants GR Vending MI, LLC ("GR Vending") and CURA MI, LLC ("Cura MI"), through their undersigned counsel, hereby give notice and remove this action, and all claims and causes of action therein, from the Circuit Court for the County of Arenac, Michigan, to the United States District Court for the Eastern District of Michigan. This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c).

### STATEMENT OF JURISDICTION

1. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 for the reasons set forth below.

## BACKGROUND AND THE REMOVED ACTION

2. On February 1, 2021, Plaintiff Hello Farms Licensing MI, LLC ("Hello Farms") filed a Complaint against Defendants in the Circuit Court for the County of Arenac docketed as Case No. 21-14610-CK ("Lawsuit").

3. Defendants received the Summons and Complaint on February 3, 2021. Defendants' responsive pleading was thus due February 24, 2021 pursuant to Michigan Court Rule 2.109(A)(1).

4. True and correct copies of the Summons and Complaint are attached as **Exhibit A**.

5. True and correct copies of Defendants' Appearance and Answer are attached as **Exhibit B**.

6. Removal is proper under 28 U.S.C. § 1441(a) and 1332 because Plaintiff Hello Farms, on the one hand, and Defendants GR Vending and Cura MI, on the other hand, are citizens of different States and the amount in controversy exceeds $75,000.

7. Removal is timely under 28 U.S.C. § 1446(b). Defendants were served on February 3, 2021, and is therefore removing within the 30-day period established by 28 U.S.C. § 1446(b). Defendants have not previously filed a Notice of Removal of this Lawsuit in this Court.

8. Plaintiff's Complaint asserts claims for breach of contract, breach of

guaranty, specific performance, and declaratory judgment.

## SUBJECT MATTER JURISDICTION

9. This Court has subject-matter jurisdiction over this Lawsuit pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

## VENUE IS PROPER

10. Venue is proper under 28 U.S.C. § 1441(a) because this is the U.S. District Court for the district where the State Court Action is pending. The Circuit Court of Arenac County, Michigan is located within the Eastern District of Michigan.

## DIVERSITY OF CITIZENSHIP

11. Diversity of citizenship exists when a suit is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Section 1332(a) requires "complete diversity" of citizenship, which is established when a "suit [is] between 'citizens of a State and citizens or subjects of a foreign state.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999).

12. For the purposes of diversity jurisdiction, "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see Yarber v. M.J. Elec., LLC*, 824 F. App'x

407, 409-10 (6th Cir. 2020) (same). "Unlike corporations, unincorporated associations are not given a fictional citizenship in their state of organization or in their principal place of business." *Yarber*, 824 F. App'x at 409 (citing 14 A.L.R. Fed. 849 § 2[a] and *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015)).

13. Plaintiff is a Michigan limited liability company. (Ex. A, ¶ 1.) Plaintiff's members are Joel Santoro, Kathleen Santoro, Nahidah Meiou, and Carl Meiou. Each of Plaintiff's members are citizens of Michigan. Thus, Plaintiff is a citizen of Michigan. Plaintiff was a citizen of Michigan at the time the Lawsuit was filed and is citizen of Michigan at the time of removal.

14. GR Vending is a Michigan limited liability company. GR Vending's members are Mitch Kahn, Steve Weisman, and Matt Darin. Mitch Kahn, Steve Weisman, and Matt Darin are Illinois citizens. Thus, GR Vending is a citizen of Illinois. GR Vending was a citizen of Illinois at the time the Lawsuit was filed and is a citizen of Illinois at the time of removal.

15. Cura MI is a Michigan limited liability company. Cura MI's sole member is Cura Partners, Inc. Cura Partners, Inc. is an Oregon corporation with its principal place of business in Portland, Oregon.

16. For purposes of diversity jurisdiction, a corporation is deemed a citizen of (i) the state "by which it has been incorporated," and (ii) the State

4

"where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

17.     Cura MI was an Oregon citizen at the time the Lawsuit was filed and is an Oregon citizen at the time of removal.

18.     Defendants are not citizens of Michigan for purposes of diversity jurisdiction. *See Yarber*, 824 F. App'x at 409.

19.     Thus, complete diversity exists here.

### AMOUNT IN CONTROVERY

20.     Section 1332(a) also requires that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

21.     Plaintiff claims damages of over $14,000,000. (Ex. A, ¶ 78.)

22.     Thus, the amount-in-controversy requirement is met.

### NOTICE TO PLAINTIFF AND THE STATE COURT

23.     Contemporaneously with the filing of this Notice of Removal, and pursuant to 28 U.S.C. § 1446(d), written notice of this filing and any attendant supplementary papers required by this Court will be provided to Hello Farms, and a copy of the Notice of Removal will be filed with the Circuit Court for the County of Arenac.

24.     Pursuant to 28 U.S.C. § 1446(d), Defendants are serving written notification of the removal of this case via email to Plaintiff's counsel, who are identified in the caption.

25. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a Notice of Filing Notice of Removal, attaching a copy of this Notice of Removal, with the Circuit Court for the County of Arenac, Michigan.

26. Defendants reserve the right to submit additional evidence in support of the Notice of Removal, including as may be necessary to address and refute any contentions Plaintiff may set forth in a motion to remand.

WHEREFORE, Defendants, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this action from the Arenac County Circuit Court, docketed as Case No. 21-14610-CK, to the United States District Court for the Eastern District of Michigan and respectfully requests that this action proceed as properly removed to this Court.

Respectfully submitted,

Dated: March 4, 2021   By: */s/ Christopher J. Zdarsky*
HONIGMAN LLP
William B. Berndt (ARDC No. 6269408)
Christopher J. Zdarsky (P81809)
300 Ottawa Avenue NW, Suite 4000
Grand Rapids, MI 49503
(616) 649-1974
wberndt@honigman.com
czdarsky@hongiman.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on March 4, 2021, I electronically filed the foregoing Notice of Removal, along with this Certificate of Service, and provided to Plaintiff's counsel via U.S. mail first class postage prepaid at their addresses shown in the Complaint's caption.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge, information and belief.

By:    */s/ Christopher J. Zdarsky*
       Christopher J. Zdarsky (P81809)