UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HELLO FARMS LICENSING
MI LLC,

   *Plaintiff/Counter-Defendant*,

v.

   CASE NO. 1:21-CV-10499

   DISTRICT JUDGE MATTHEW LEITMAN
   MAGISTRATE JUDGE PATRICIA MORRIS

GR VENDING MI, LLC, and
CURA MI, LLC,

   *Defendants/Counter-Plaintiffs*.
_____/

## ORDER AFTER IN CAMERA REVIEW
## (ECF Nos. 61, 69)

**I.   Background**

This case involves breach of contract, breach of guaranty, and promissory estoppel/unjust enrichment claims arising out of contractual negotiations for the purchase of cannabis products produced by Plaintiff. (ECF No. 32.) On July 21, 2023, and on July 30, 2023, the parties filed joint motions for expedited *in camera* review. (ECF Nos. 61, 69.) The motions were referred to the undersigned on August 3, 2023. (ECF No. 72.) On September 11, 2023, the Parties indicated that the only remaining contested privilege log entries are DEF_Priv_107-110, 112, 186, 191, and

1

225. The Court has received the documents and conducted a review of all the documents presented.

## II. Analysis

### 1. Relevance

#### a. Relevance standards

Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relevant access to the relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

#### b. Relevance analysis

The parties do not dispute the relevance of the documents but rather rely on claims of privilege. (ECF No. 161, PageID.5060.) The court will therefore move on to the salient issues of privilege.

### 2. Attorney-client privilege

#### a. Attorney-client privilege standards

Since jurisdiction in the instant case is based on diversity and only state law claims advanced, Michigan law governs the attorney-client privilege question. Fed. R. Evid. 501; *Jewell v. Holzer Hosp. Found*, 899 F.2d 1507, 1513 (6th Cir. 1990). The scope of the attorney-client privilege is narrow and only attaches to confidential communication by the client to his lawyer that is made for the purpose of obtaining legal advice. *Augustine v. Allstate*, 292 Mich. App. 408, 420 (Mich. App. 2011). While confidential communications between attorney and client are protected, the privilege does not extend to facts included in such communications. *Fruehauf Trailer Corp. v. Hagelthorn*, 208 Mich. App. 447, 450 (1995). The attorney-client privilege also attaches to communication from the attorney to the client including the attorney's opinions, conclusions, and recommendations based on facts furnished by the client. *Hubka v. Pennfield Twp.*, 197 Mich. App. 117, 121-22 (Mich. App. 1992). Where the client is an organization, the attorney-client privilege extends to communication between the attorneys and all agents or employees of the organization who are authorized to speak for the organization in regards to the subject matter of the communication. *Id.* The privilege does not, however, extend to facts included in the communication. *Id*.

A communication is not automatically privileged by virtue of the act that it is made or received by a lawyer. *Flagstar Bank v. Fed. Ins. Co.*, No. 05-70950, 2006 WL 6651780, at *4 (E.D. Mich. Aug. 21, 2006) (diversity case noting that Michigan

3

law applied because only state law claims raised). Communication between two corporate employees is protected from disclosure by the attorney-client privilege only if it was made for the purpose of obtaining legal advice. *Id*. When lawyers produce documents containing both business and legal advice, courts place a heavy burden on the proponent of the privilege to make a clear showing that the allegedly privileged documents actually concern legal, rather than business, advice. *Id*. The Court in *Flagstar* held that communication by attorneys acting as insurance claims investigators rather than as attorneys was not privileged. *Id*.

### b. Attorney-client privilege analysis

In this case, DEF_PRIV_107-110, 186, 191, and 225 are alleged to be protected by both attorney-client and work product privilege. The emails involve discussions among Curaleaf employees and a Measure 8 employee, but none of them are made by or received by an attorney. Therefore, they are not protected by the attorney-client privilege.

Plaintiff contends that the communications are not protected by the attorney-client privilege because Measure 8 is involved in the communications. (ECF No. 61.) Defendant counters that because Measure 8 was acting as Curaleaf's agent in assisting Curaleaf and its lawyers with the contract negotiations between the parties, Measure 8's presence during discussions does not waive the attorney-client privilege. (ECF No. 65.) The parties agree that Measure 8 is included in all of the

documents presented for review except DEF Priv 112, which they argue is covered by the work product privilege. (ECF No. 65, PageID.3455, n. 1.)

The communications at issue here involve a team of persons, including outside and in-house counsel, employees of Defendant and Measure 8, discussing terms of the proposed contract between the parties. In the relevant documents, Measure 8 provided specific advice regarding such issues as bud potency, biomass, and pricing. Measure 8 described itself as an "investment vehicle…of the U.S. and global cannabis industry" who specializes in "cultivation, processing, retail ([business-to-business] and [business-to-consumer]), AgTech, Biopharmaceuticals, Data Analytics, and asset-based financing." Https://www.linkedin.com/company/measure8venturepartners.

"As a general rule, the attorney-client privilege is waived by voluntary disclosure of private communications by an individual corporation to third parties." *Mainstay High Yield Corp. Bond Fund v. Heartland Indus. Partners*, L.P., 263 F.R.D. 478, 480 (E.D. Mich. 2009). However, the "attorney-client privilege attaches to direct communication between a client and his attorney as well as communications made through their respective agents." *Reed Dairy Farm v. Consumers Power Co.*, 227 Mich. App. 614, 618 (Mich. App. Feb. 3, 1998). "Where an attorney's client is an organization, the privilege extends to those communications between attorneys and all agents or employees of the organization authorized to speak on its behalf in

5

relation to the subject matter of the communication." "'The characteristic of an agent is that he is a business representative. His function is to bring about, modify, affect, accept performance of, or terminate contractual obligations between his principal and third persons.'" *Stephenson v. Golden*, 279 Mich. 710, 735 (1937). "[F]undamental to the existence of an agency relationship is the right to control the conduct of the agent with respect to the matters entrusted to him." *St. Clair Intermed,. Sch. Dist. v. Intermed. Ed. Ass'n*, 458 Mich. 540, 557-58 (1998)(citations omitted).

There is no evidence in this case that Defendant had any right whatsoever to control the conduct of Measure 8, nor is there any evidence that Measure 8 had any authority to modify, accept performance of, or terminate contractual obligations between Defendant and third parties. Thus, on the facts presented, Measure 8 was not an agent as ordinarily defined by the common law.

However, a related doctrine has been recognized by case law in the context of attorney-client relations that extends protection for communications made in furtherance of the attorney-client relationship that applies on the instant facts. At times, the case law refers to a person who gives information to an attorney for the purpose of enabling the attorney to provide better legal advice to his or her client as an agent. *See People v. Alexander*, No. 311437, 2014 WL 891043, at *2 (Mich. Ct. App. Mar. 6, 2014) ("[W]e assume that the conversation between the defendant and

the secretary could be covered under the attorney-client privilege because the secretary was an agent of the attorney, and was acting to obtain factual information to enable the attorney to provide legal advice"); *People v. Hilliker*, 29 Mich. App. 543, 548 (Mich. Ct. App. 1971) ("Dr. Gordon was defendant's agent for the transmission of confidential facts to his attorney in furtherance of the attorney-client relationship."). However, "agent" may be a misnomer because, unlike traditional agency relationships, there is no indication that the "agent" has any authority to bind the principal; rather, the relationship is limited to the "agent" providing information to assist the attorney in better advising his or her client.

Regardless of the label given to the person making the communication to an attorney that provides the attorney with some information or expertise that allows the attorney to better advise his or her client, the rationale behind the attorney-client privilege supports extending protection to such communications. The attorney-client privilege "'protects not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice.'" *Citizens Insurance Co. of America v. Livingston Co. Road Comm'n*, ___ N.W.2d ___, 2022 WL 4281507, at *4 (Mich. Ct. App. Sept. 15, 2022) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981)).

I find that this conclusion is not altered by the fact that the instant team of advisors may have also "factored in business-related considerations." *Carhartt, Inc.*

7

*v. Innovative Textiles, Inc.*, 333 F.R.D. 113, 117 (E.D. Mich. 2019) (communications remained protected by the attorney-client privilege "notwithstanding that the other members of the decision-making quartet may have factored in business-related considerations.")

I therefore find that although any protection would not be undermined by the presence of a Measure 8 employee, the emails presented for in camera review and alleged to be protected by attorney-client privilege are not protected by that privilege.

### 3. Work product privilege

Next, the Court must decide whether any of the emails discussed above are protected by the work product privilege. DEF_PRIV_112 is alleged to be protected only by this privilege. (PageID.3455, n.1.) DEF_PRIV_107-110 are dated Jan 4, 2021 and January 6, 2021, DEF_PRIV_112 is dated January 6, 2021, DEF_PRIV_186 is dated January 21, 2021, DEF_PRIV_191 is dated January 21, 2021, and DEF_PRIV_225 is dated February 4, 2021. Defendant asserts that it anticipated litigation regarding the instant contractual matter "as of December 30, 2020, at the latest[.]". (ECF No. 65, PageID.3466.)

#### a. \Work product privilege standards

Since federal law governs the work product privilege question, In Re *Powerhouse,* 441 F.3d 467, 472 (6th Cir. 2006), attorney work product not

otherwise covered by the attorney-client privilege is also protected from disclosure by Fed. R. Civ. P. 26. In order to be considered fact attorney work product, the attorney must have done something with the facts, e.g., edited film, summarized factual information, organized data, or created a chart or other demonstrative visual from the factual information. Without the attorney's handiwork, there is no attorney work product. This follows from the general principle that underlying facts or data are not protected from disclosure under any privilege. *Graff v. Haverhill N. Coke Co.*, No. 1:09-cv-670, 2012 WL 5495514, at *50 (S.D. Ohio Nov. 13, 2012). Therefore, "[f]actual information gathered during an attorney's investigation of an incident is discoverable, even if the information became known solely through the attorney's efforts." *Askew v. City of Memphis*, No. 14-cv-2080-STA-tmp, 2015 WL 12030096, at *2 (W.D. Tenn. July 23, 2015) (citing *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 630, n. 15 (N.D. Okla. 2009).

Fed. R. Civ. P. 26(b)(3) was amended in 1970 to expand protection beyond attorneys to "materials prepared in anticipation of litigation or preparation for trial by or for a party or any representative acting on his behalf." Advisory Committee Notes; *accord* 8 Wright & Miller, Federal Practice & Procedure, § 2024. The protection is also afforded to non-parties. *Bard v. Brown Co.*, No. 1:15-cv-00643, 2017 WL 3129802, at *3 (S.D. Ohio, July 21, 2017).

Rule 26(b)(3) provides:

9

> (A) *Documents and Tangible things*. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4)[trial preparation; experts], those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1)[relevance]; and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent my other means.
>
> (B) *Protection Against Disclosure*. If the court orders discovery of those materials, it must protect against disclosure of mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Subsection B makes clear that opinion work product is entitled to the highest level of protection.

The Sixth Circuit has established a process for courts considering a work product claim that tracks with the Rule:

> First, the party requesting the materials must make an initial showing that the information contained therein is relevant to the subject matter of the pending litigation and not otherwise privileged. Next, the party opposing production must demonstrate that the materials were prepared in anticipation of litigation by or for that party's attorney or representative. Then, the burden shifts back to the requesting party to establish a substantial need of the materials and the inability to obtain the substantial equivalent of the materials by other means without undue hardship. In no event, however, should the court require the production of mental impressions, conclusions, opinions or legal theories of an attorney or other representative concerning the litigation.

10

*Royal Surplus Lines Ins. v. Sofamor Danek Group*, 190 F.R.D. 463, 473 (W.D. Tenn. 1999); *Toledo Edison Co. v. G.A. Technologies, Inc.*, 847 F.2d 335, 339-40 (6th Cir. 1988).

"Notwithstanding the common description of the doctrine as the 'attorney' work product doctrine, as a doctrine 'intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy,' and as applying to 'materials prepared by or at the behest of counsel, it is not in fact necessary that the material be prepared by or at the direction of an attorney." *Wultz v. Bank of China Limited*, 304 F.R.D. 384, 386 (S.D. N.Y. 2015) (internal citations omitted). Instead, the Rule protects material "by or for [a] party or its representative" rather than material prepared by or for an attorney. As noted by the court in *Wultz*, "[t]he Advisory Committee notes confirm that the intention of the Rule was to protect material prepared by non-attorneys." *Id.*; *see* 1970 Note to Rule 26(b)(3)("The courts are divided as to whether the work-product doctrine extends to the preparatory work only of lawyers…Subdivision (b)(3) reflects the trend of the cases by requiring a special showing, not merely as to materials prepared by an attorney, but also as to materials prepared in anticipation of litigation or preparation for trial by or for a party or any representative acting on his behalf.").

The work product doctrine's protections may be waived expressly or by implication. *In Re Lott*, 139 F. App'x 658, 660 (6th Cir. 2005). Disclosure to an adversary forfeits work product protection. *Tenn. Laborers Health & Welfare Fund v. Columbia/HCA Healthcare Corp.*, 293 F.3d 289, 306-07 (6th Cir. 2002). The rules of evidence provide an extension of the waiver under certain circumstances. "When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if: (1) the waiver is intentional; the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(a).

### b. Work product privilege analysis

Defendant contends that when it received Plaintiff's invoice of December 17, 2020, it did not pay "[b]ecause Hello Farms had already breached the Amended Agreement" and that as of December 30, 2020, all emails were sent in anticipation of litigation and seeking legal advice as to how to proceed. (ECF No. 65, PageID.3467.) Thus, Defendant suggests they are protected by the work product privilege.

I find that the all of the documents at issue were prepared in anticipation of litigation and were prepared to gather information for Defendant's attorneys, i.e.,

DEF_PRIV_107-110, 112, 186, 191, and 225. Thus, the burden has shifted back to the requesting party to establish a substantial need of the materials and the inability to obtain the substantial equivalent of the materials by other means without undue hardship. *Royal Surplus, supra*. Certainly, these documents would not be available in any substantially equivalent form that Plaintiff could obtain by any other means. It is closer question as to whether Plaintiff has a substantial need of the documents. The breach of contract dispute in this case involves questions as to the motivation behind the alleged breaches, e.g., whether product quality or market prices drove the Defendant to reject the goods offered by Plaintiff. The communications at issue regard, among other things, options under the Michigan market. I therefore find that Plaintiff does have a substantial need of the documents. I further find that the communications do not involve any legal advice, theories, or conclusions. *Royal Surplus, supra*. I therefore find that the documents at issue are not entitled to work product protection.

### 4. Conclusion

For the reasons stated above, I find that the documents at issue are not entitled to protection and should be disclosed to Plaintiff within 14 days of this Order.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date:  September 15, 2023                              s/ PATRICIA T. MORRIS
                                                       Patricia T. Morris
                                                       United States Magistrate Judge