UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HELLO FARMS LICENSING MI LLC,

    *Plaintiff/Counter-Defendant*,

v.

GR VENDING MI, LLC, and CURA MI, LLC,

    *Defendants/Counter-Plaintiffs*.

                                                      /

CASE NO. 1:21-CV-10499

DISTRICT JUDGE MATTHEW LEITMAN
MAGISTRATE JUDGE PATRICIA MORRIS

**ORDER DENYING DEFENDANTS'**
**MOTION FOR RECONSIDERATION**
**(ECF No. 77)**

On September 15, 2023, the Court entered an Order after in camera review. (ECF No. 76.) On the day before, i.e., on September 14, 2023, Defendants filed a responsive brief related to the motion for expedited review. (ECF No. 75.) Defendants' current motion for reconsideration does not allege any errors but rather requests simply that the court consider the brief filed on September 14, 2023. (ECF No. 77, 75.) In its Order, the Court noted the motions filed, the narrowing of the list of contested documents and although it did not refer to Defendants' brief (ECF No. 75), the Order was filed one day later and indicated all the documents had been reviewed. (ECF No. 76, PageID.3644.)

1

"Rule 59 motions to reconsider are granted in three circumstances: (1) to correct an error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." *Doran v. Joy Global, Inc.*, 2016 WL 7799598, at *2 (E.D. Tenn. August 9, 2016), citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). In addition, our local rules provide that "[g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." A motion for reconsideration "does not afford parties an opportunity to reargue their case." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

Defendant's motion for reconsideration does not even allege any of the proper grounds for reconsideration. (ECF No. 77.)  The court has reviewed Defendant's responsive brief (ECF No. 75). The court finds no proper grounds for reconsideration raised either directly or indirectly in the motion (ECF No. 77) nor does the Court find any palpable defect in its Order (ECF No. 76) after having reviewed the arguments raised in the responsive brief (ECF No. 75).

Accordingly, the motion for reconsideration is hereby **DENIED.**

IT IS SO ORDERED.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date: October 2, 2023                    S/ PATRICIA T. MORRIS
                                         Patricia T. Morris
                                         United States Magistrate Judge