UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELLO FARMS LICENSING MI, LLC,

        Plaintiff,                            Case No. 21-cv-10499

                                                    Hon. Matthew F. Leitman

v.

GR VENDING MI, LLC, *et al.*,

        Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR A CERTIFICATE OF APPEALABILITY (ECF No. 146)

In this action, Plaintiff Hello Farms Licensing, LLC alleges that Defendant GR Vending MI, LLC breached a contract under which it was obligated to purchase a large quantity of cannabis. The intent of the parties was that GR Vending MI, LLC would sell the cannabis to Michigan residents who were authorized to use medical marijuana under Michigan law. Hello Farms further alleges that Defendant Cura MI, LLC breached a guaranty agreement under which it guaranteed the performance of GR Vending MI, LLC's contractual obligations.

In Defendants' initial responsive pleading – their Answer and Affirmative Defenses filed over three years ago – Defendants contended that Hello Farms' claims "are barred due to illegality." (See Ans. and Aff. Def's., ECF No. 7, PageID.113.) But Defendants did not file a motion for judgment on the pleadings at that time

1

seeking judgment in their favor based upon their illegality defense. Instead, Defendants filed a counterclaim seeking damages for alleged breaches of the same contract that their own affirmative defenses identified as illegal. (*See* Counterclaim, ECF No. 9, PageID.163.) At that point, the parties commenced discovery. The parties were repeatedly granted extensions of discovery deadlines, and the discovery period ultimately lasted nearly two and a half years.

At the conclusion of the lengthy discovery period, Defendants filed a motion for summary judgment. In that motion, they argued – for the first time since their Affirmative Defenses more than two years earlier – that Hello Farms' breach of contract claim fails as a matter of law because the parties' contract for the sale of marijuana is illegal under the federal Controlled Substances Act and therefore may not be enforced in a federal court. (*See* Mot., ECF No. 80, PageID.3678.)

The Court ultimately denied Defendants' motion for summary judgment on their illegality defense. In a lengthy oral decision rendered from the Bench, the Court explained that whether the parties' contract could be enforced in federal court was a very difficult question. The Court concluded that the contract could be enforced because recent action by Congress indicated that there is not a clear federal policy barring enforcement of contracts for the sale of medical marijuana (1) in states that have legalized medical marijuana and (2) where the contract is consistent with

the state-law rules governing the growth and sale of medical marijuana. (*See* Tr., ECF No. 147, PageID.8322-8332.)

Defendants have now filed a motion for a certificate of appealability under 28 U.S.C. § 1292(b). They seek permission to appeal from the Court's denial of their motion for summary judgment on their illegality defense. For the reasons explained below, the motion is **DENIED**.

Section 1292(b) establishes the criteria that must be satisfied before a party may take an interlocutory appeal in a civil action. It provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that [1] such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original). The party seeking permission for an interlocutory appeal bears the burden of showing that each of these listed requirements are satisfied, *see Vitols v. Citizens Banking Co.*, 984 F2d. 168, 170 (6th Cir. 1993), and a district court may not certify an order for review under Section

1292(b) unless it "expressly find[s] that *all* three" of the "requirements are met." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (emphasis added); *see also Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) ("Unless all these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b).").

The United States Court of Appeals for the Sixth Circuit has emphasized that "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In Re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). As that court has explained:

> It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.

*Kraus v. Bd. of Cty. Rd. Comm'rs for Kent Cty.*, 364 F.2d 919, 922 (6th Cir. 1966) (quoting *Milbert v. Bison Laboratories*, 260 F.2d 431, 433 (3d Cir. 1958)).

The Court declines to certify an interlocutory appeal from its denial of Defendants' summary judgment motion because Defendants have not satisfied all three requirements for immediate review of the order. Defendants have persuaded

the Court that its denial of their motion presents a controlling question of law on which there is a substantial ground for difference of opinion.[1]

But Defendants have not shown that an immediate appeal may materially advance the ultimate termination of the litigation. The bulk of this litigation is behind the parties and the Court. All discovery has been completed, and summary judgment proceedings have likewise concluded. All that remains are motions *in limine* and trial. And the trial will not last long. During a recent on-the-record conference, counsel for both parties estimated that the jury trial in this matter will be completed in one week. Moreover, the Court has the ability to commence the jury trial relatively soon. Under all of these circumstances, this action will reach final judgment in this Court long before an interlocutory appeal would be concluded, and such an appeal would therefore not meaningfully enhance the progress of the action. Simply put, an interlocutory appeal does not materially advance the ultimate termination of an action "where the district court could swiftly proceed to a final judgment even without [such] review," *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022), and that is the case here. It would therefore be inappropriate to permit an interlocutory appeal.

---

[1] The Court remains convinced that it reached the correct result. But, as the Court acknowledged when it announced its ruling, the question of whether enforcement of the parties' contract is barred under the illegality doctrine is a very close and difficult one on which reasonable jurists can disagree.

The Sixth Circuit reached the same conclusion under similar circumstances in *Kraus v. Board of County Road Commissioners for Kent County*, 364 F.2d 919 (6th Cir. 1966). In that case, the defendants filed a renewed round of summary judgment motions in which they argued that the plaintiff's claim failed as a matter of law because the plaintiff failed to give written notice of his claim as required by a Michigan statute. The district court denied the motions on the ground that the statute at issue did not apply to the type of action before the court. *See id.* at 920. The district court then certified an appeal from its order. *See id.* In its order of certification, the district court concluded that "the case involve[d] a controlling question of law as to which there are substantial grounds for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation." *Id.*

The Sixth Circuit nonetheless declined to permit the defendants to take an interlocutory appeal. That court explained:

> The granting of an interlocutory appeal in the present case would not 'materially advance the ultimate termination of the litigation.' Many months would be required before the case would be reached for argument on the congested docket of this court. If we grant the appeal and then should affirm the order of the district court based upon the opinion published in 236 F.Supp. 677, the case then would be remanded to the district court for trial on its merits.

> On the other hand, it would appear that only a few days would be required for a jury trial and final disposition of the case in the district court. This procedure, which would avoid a piecemeal appeal, is

preferable except in the extraordinary type of case contemplated by §
1292(b). !
        !
*Id*. at 922.

As in *Kraus*, the trial in this case will take a handful of days and will conclude

well before an interlocutory appeal would be decided.  Thus, like the Sixth Circuit

in *Kraus*, this Court declines to authorize an interlocutory appeal from its order

denying Defendant's motion for summary judgment on their illegality defense. *See*

*also Kennard v. UPS, Inc.*, 531 F. Supp. 1139, 1149 (E.D. Mich. 1982) (finding that

an interlocutory appeal would not materially advance the ultimate termination of the

litigation because, among other things, "[t]his case could be tried in its entirety

before appellate review of the proposed interlocutory appeal takes place.")

For the reasons explained above, this Court declines to certify for an

interlocutory appeal its order denying Defendants' motion for summary judgment

on their illegality defense.  Accordingly, Defendants' motion for such certification

(ECF No. 146) is **DENIED.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 12, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 12, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126