UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELLO FARMS LICENSING MI, LLC,

    Plaintiff,

v.

Case No. 21-cv-10499
Hon. Matthew F. Leitman

GR VENDING MI, LLC, *et al.*,

    Defendants.
_____/

### ORDER ON MOTIONS IN LIMINE (ECF Nos. 167, 168, 169, 170, 171, 173) AND DAUBERT MOTIONS (ECF Nos. 163, 164, 165, 166)

On December 19, 2024, the Court held a hearing on the parties' motions *in limine* and *Daubert* motions. For the reasons explained on the record, the motions are resolved as follows:

1. Defendants' Motion *in Limine* # 1 to Exclude Testifying Witnesses from Other Trial Testimony (ECF No. 167) is **GRANTED**.

2. Defendants' Motion *in Limine* # 2 to Bar References to Defendants' Size, their Corporate Affiliates' Size, and their Corporate Affiliations (ECF No. 168) is **GRANTED**.

3. Defendants' Motion *in Limine* # 3 to Exclude Evidence Disclosed After Discovery Deadline (ECF No. 170) is **TAKEN**

1

**UNDER ADVISEMENT**. Defendants shall file a supplemental brief by **not later than December 23, 2024**. Plaintiff shall file a response to Defendants' supplemental brief by **not later than January 3, 2025, at 12:00 p.m**. In the supplemental briefs, Defendants shall specifically identify what documents/information they contend were not disclosed before the close of discovery and should therefore be excluded. Where possible, Defendants shall also provide citations to evidence in the record that, they claim, proves that the documents/information at issue was disclosed after the close of discovery. In Plaintiff's response, Plaintiff shall identify evidence in the record showing that the identified documents/information were disclosed to Defendants before the close of discovery (or, if not disclosed before the discovery cutoff, the date on which the documents/information were disclosed). In addition, the parties may include in their supplemental briefs any arguments as to how the timing of the disclosures in question did or did not cause the Defendants unfair prejudice.

4. Defendants' Motion *in Limine* # 4 Regarding the 2021 Harvest (ECF No. 171) is **DENIED**.

5. Defendants' Motion *in Limine* # 5 to Exclude Documents or Testimony Reflecting Settlement Discussions (ECF No. 169) is **DENIED IN PART** and **DEFERRED IN PART** as follows:

    a. Defendants' motion is **DENIED** to the extent it seeks exclusion of statements or communications made on January 8, 2021, at 9:35 a.m. and before that date and time.

    b. Defendants' motion is **DEFERRED IN PART**. To the extent the parties seek to admit purported settlement communications made after January 8, 2021, at 9:35 a.m., the Court will consider the admissibility of that evidence on a document-by-document basis.

6. Plaintiff's omnibus motion *in limine* (ECF No. 173) is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART** as follows:

    a. Plaintiff's motion to exclude Curaleaf's "Expect to Use" Exhibits 7, 10, 19, 22, 43, and 44 is **DENIED**.

    b. Plaintiff's motion to exclude the Complaint and other pleadings in *Moir, et al. v. Holistic Industries, Inc.*, Case No. 22-010304-CB (Wayne Cir. Ct.) is **GRANTED IN PART** and **DENIED IN PART** as follows: Defendants

3

are permitted to ask Plaintiff's expert Bartek Kupczyk about the allegations made by Kupczyk in *Moir* for the purposes of attempting to show (i) Kupczyk's bias and/or lack of independence and/or (ii) that the jury should discount Kupczyk's prior experience because it was with a troubled entity. Defendants are not permitted to offer the Complaint and pleadings from *Moir* into evidence.

c. Plaintiff's motion to exclude the expert disclosure of Timothy Jones is **GRANTED**.

d. Plaintiff's motion to exclude Curaleaf's "May Offer" Exhibits 17 and 18 is **GRANTED**. Should either party seek to offer evidence not *specifically* identified in their pre-trial disclosures, they may seek permission from the Court to do so outside of the presence of the jury.

e. Plaintiff's motion to exclude Curaleaf's "Expect to Offer" Exhibits 8 and 13-17 is **DENIED**.

f. Plaintiff's motion to exclude Curaleaf's "Expect to Offer" Exhibits 29, 31, and 33-38 is **DEFERRED**. The parties are directed to **MEET AND CONFER** on these exhibits

        to determine whether they can reach an agreement as to their completeness.

    g.    Plaintiff's motion to exclude evidence of Ayen Meiou's criminal history for possession is **DEFERRED**. Defendants may not introduce this evidence unless and until they make a showing at trial that Meiou's criminal history is relevant.

    h.    Plaintiff's motion to exclude any testimony, complaints, or documents related to Wolverine is **DENIED**.

7.    Defendants' Motion to Exclude Testimony of Plaintiff's Expert Bartek Kupczyk (ECF No. 163) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.    Defendants' motion is **GRANTED** to the extent it seeks to preclude Kupczyk from testifying to the Defendants' intent and state of mind, matters of law and interpretation of the parties' contracts, and the amount of damages.

    b.    Defendants' motion is **GRANTED** to the extent it seeks to preclude Kupczyk from testifying about whether the timeliness of Hello Farms' delivery met industry standards.

c. Defendants' motion is **GRANTED** to the extent it seeks to preclude Kupczyk from testifying about the quality of Hello Farms' product.

d. Defendants' motion is **GRANTED** to the extent it seeks to preclude Kupczyk from testifying that any price obtained by Hello Farms was a "good price" for a long-term contract.

e. Defendants' motion is **DENIED** to the extent it seeks to preclude Kupczyk from testifying about the time period it takes to process and test cannabis grown for delivery. Kupczyk may offer factual testimony explaining the process, regulatory hurdles, and the length of time it takes to get the product to market, and he may opine on the amount of time that the entire process takes.

f. Defendants' motion is **DENIED** to the extent it seeks to preclude Kupczyk from testifying about the market decline of cannabis over the relevant time period, including up through the time of trial.

g. Defendants' motion is **DENIED** in all other respects.

6

8. Defendants' Motion to Exclude Testimony of Plaintiff's Expert Gerald Nuffer (ECF No. 164) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Defendants' motion is **GRANTED** to the extent it seeks to preclude Nuffer from testifying that the potency of Plaintiff's products met industry standards.

    b. Defendants' motion is **GRANTED** to the extent it seeks to preclude Nuffer from testifying that the delivery of Plaintiff's product was "very quick."

    c. Defendants' motion is **GRANTED** to the extent it seeks to preclude Nuffer from testifying that the timeliness of Plaintiff's delivery of its product was within industry standards.

    d. Defendants' motion is **DENIED** in all other respects.

9. Defendants' Motion to Exclude Testimony of Plaintiff's Experts Jacob Katz and Erin Flannery (ECF No. 166) is **GRANTED IN PART**, **DENIED IN PART**, and **DEFERRED IN PART** as follows:

    a.    Defendants' motion is **GRANTED IN PART** to the extent that it seeks to preclude Katz and Flannery from each testifying as to all of the opinions included within their joint expert report. As the Court explained on the record, at trial, the Court will permit Flannery to testify first. Flannery's testimony shall be limited to issues related to taxes and her review of the Quickbooks data. Flannery shall not offer any opinion testimony on the amount of damages. The Court will then allow Katz to testify second. He may testify that he relied on Flannery's work related to the taxes and Quickbooks data, and he may testify as to the amount of damages.

    b.    Defendants' motion is **DEFERRED IN PART** to the extent that it seeks to exclude Katz's and Flannery's testimony, in whole or in part, on the basis that they relied upon documents not disclosed during discovery. The Court will resolve this portion of the motion at trial when it resolves Defendants' Motion *in Limine* # 3 to Exclude Evidence Disclosed After Discovery Deadline (ECF No. 170) discussed above.

      c.      Defendants' motion is **DENIED** in all other respects.

10.      Plaintiff's Motion to Exclude Opinion Testimony of Defendants' Sole Expert Timothy Jones (ECF No. 165) is **GRANTED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: December 20, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 20, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126