UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELLO FARMS LICENSING MI, LLC,

    Plaintiff,

v.

Case No. 21-cv-10499
Hon. Matthew F. Leitman

GR VENDING MI, LLC, *et al.*,

    Defendants.

_____/

### ORDER (1) DENYING REMAINING PORTIONS OF DEFENDANT'S MOTION TO STRIKE EXPERT TESTIMONY (ECF No. 166) AND MOTION IN LIMINE (ECF No. 170) AND (2) RESOLVING PARTIES' REQUESTS FOR RULINGS (ECF Nos. 208, 215, 217, 221)

On January 13, 2025, the Court held an on-the-record status conference to discuss the remaining portions of two motions that Defendants GR Vending MI, LLC and CURA MI, LLC filed to exclude testimony at trial and to discuss several requests that Plaintiff Hello Farms Licensing MI, LLC filed in this case. (*See* Motions, ECF Nos. 166, 170; Pla.'s Reqs., ECF Nos. 208, 215, 217.) In addition, prior to the start of trial on January 14, 2025, the Court heard argument on a request Defendants had filed. (*See* Defs.' Req., ECF No. 221.) For the reasons explained on the record, the motions and requests are resolved as follows:

1

- With respect to the remaining portions of (1) Defendants' Motion *In Limine* #3 to Exclude Evidence Disclosed After Discovery Deadline (ECF No. 170) and (2) Defendants' Motion to Exclude Testimony of Plaintiff's Experts Jacob Katz and Erin Flannery (ECF No. 166), the remaining portions of those motions are **DENIED**;

- With respect to Hello Farms' "Request for Ruling on Spoliation" (ECF No. 208), the Court resolves that request as follows. The Court will first consider objections to the identified evidence on grounds that the evidence is not admissible and/or that the evidence lacks a proper foundation. If the Court overrules those objections, at the close of trial, the Court will consider a motion to strike the evidence and/or a motion for an adverse inference instruction based on alleged spoliation.

- With respect to Hello Farms' "Request for Ruling on Showing Excerpts of Certain Exhibits in Opening Statements" (ECF No. 215), the Court will not preclude Hello Farms from referring to and/or showing the jury exhibits during its opening statement that it has a good-faith belief will be admitted during trial.

- With respect to Hello Farms' "Request for Ruling on Admission of Recorded Phone Calls" (ECF No. 217), the Court resolves that request as follows. First, Hello Farms shall not play any of the identified audio

recordings during its opening statement. However, if Hello Farms has a good faith belief that a witness, when testifying at trial, will confirm making a statement captured on a recording, then Hello Farms can tell the jury during its opening statement that the witness made the statement (without referencing or identifying a recording of the statement). The Court will rule on the admissibility of the individual recordings during trial after Defendants have had an opportunity to respond in writing to Hello Farms' request.

- With respect to Defendants' "Request for Ruling on Demonstratives" (ECF No. 221), the Court resolves the request as follows. The portion of the request asking the Court to preclude Hello Farms' from using a demonstrative during its opening statement "showing pictures of Defendants' witnesses above the state in which the witness lives and/or works" (*id.*, PageID.11579) is **DENIED**. Hello Farms may use that demonstrative during its opening statement. The portion of the request asking the Court to preclude Hello Farms from using "a picture of an unidentified box" during its opening statement (*id.*) was **WITHDRAWN**.

- Finally, at the close of trial proceedings on January 14, 2025, the Court addressed additional issues related to the presentation of demonstratives to the jury during opening statements. As determined on the record, Hello

Farms shall not show slides from its opening statement Power Point presentation that Hello Farms either agreed to remove or was directed to remove by the Court.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 15, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 15, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126