UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| HELLO FARMS LICENSING MI LLC, | |
| Plaintiff/Counter-Defendant, | Case No.: 1:21-cv-10499 |
| v. | Hon. Matthew F. Leitman |
| GR VENDING MI, LLC and CURA MI, LLC, | Magistrate Judge Patricia T. Morris |
| Defendants/Counter-Plaintiffs. | |

**DEFENDANTS' MOTION TO STIKE ECF NO. 315**

Defendants GR Vending MI, LLC ("GR Vending") and CURA MI, LLC ("CURA") hereby move to strike Hello Farms's Reply in Support of Notice of Supplemental Authority in Further Support of its Responses to Defendants' Rule 50 Motion (ECF No. 284) and Rule 59 Motion (ECF No. 285) (hereinafter, ECF No. 315 is referred to as the "Filing"). On July 28, 2025, Defendants asked Hello Farms for concurrence in the relief requested herein but were unable to obtain such concurrence.

Date: July 28, 2025

Respectfully submitted,

HONIGMAN LLP

*/s/ William B. Berndt*
William B. Berndt
Nicholas A. Burandt
321 N. Clark St., Suite 500

2

Chicago, IL 60654
(312) 701-9300
wberndt@honigman.com
nburandt@honigman.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

HELLO FARMS LICENSING MI LLC,

    Plaintiff/Counter-Defendant,

v.

GR VENDING MI, LLC and
CURA MI, LLC,

    Defendants/Counter-Plaintiffs.

Case No.: 4:21-cv-10499

Hon. Matthew F. Leitman

Magistrate Judge Patricia T. Morris

# DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE ECF NO. 315

## CONCISE STATEMENT OF ISSUES PRESENTED

1) Whether the Court should strike ECF No. 315 because it violates this district's local rules and is an attempt to obtain additional briefing on the eve of hearing on Defendants' post-trial motions?

Defendants' Answer: Yes

Plaintiff's Answer: No

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Am. C.L. Union of Kentucky v. McCreary Cnty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010)

*United States v. Schuttpelz*, No. 07-CR-20410, 2024 WL 262864, at *4 (E.D. Mich. Jan. 24, 2024)

# INTRODUCTION

Hello Farms' "Reply," filed as ECF No. 315, is not in compliance with the Eastern District of Michigan Local Rules. Rather, Hello Farms' brief exceeds the Local Rules' page limits by 17 pages and was filed five weeks late and only two business days before the hearing related to the Filing. As such, Hello Farms' Filing reflects an attempt to file an additional memorandum in response to Defendants' Rule 50 motion. Yet, Hello Farms failed to seek leave of Court to do so. As a result, Hello Farm's Filing should be stricken from the record.

# LEGAL STANDARD

The Court has the power to manage its own docket and strike filings that violate the District's Local Rules. *See Am. C.L. Union of Kentucky v. McCreary Cnty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010) ("based on the district court's power to manage its own docket, the court had ample discretion to strike Defendants' late renewed motion for summary judgment"); *United States v. Schuttpelz*, No. 07-CR-20410, 2024 WL 262864, at *4 (E.D. Mich. Jan. 24, 2024) ("[A] district court has broad discretion to manage its docket – including by striking a document filed in violation of its local rules.") (cleaned up).

# ARGUMENT

I.  **Hello Farms's Filing Violates the Local Rules Because It Is Untimely and Exceeds the Page Limits**

The Local Rules are clear that reply briefs must not exceed seven pages or be

1

filed more than seven days after the response brief. *See* E. D. Mich. L.R. 7.1(d)(3)(B) and 7.1(e)(1)(B).[1]  Hello Farms's Filing—which it styles as a "Reply in Support of Notice of Supplemental Authority"—is 24 pages and was filed more than six weeks after Defendants' response brief (ECF No. 307).  As a result, the Filing should be stricken.  *See Am. C.L. Union of Kentucky*, 607 F.3d at 451; *Schuttpelz*, 2024 WL 262864, at *4.

## II. Hello Farms's Filing Is an Attempt at Another Response to Defendants' Post-Trial Motions

Hello Farms's Filing is simply an attempt to brief issues that Hello Farms either could have raised or did raise in response to Defendants' post-trial motions. After those motions were fully briefed, on May 29, 2025, Hello Farms filed a three-page notice of supplemental authority, primarily focusing on *Miller v. Suburban Mobility Auth. for Reg'l Transportation,* 2025 WL 1506082, at *1 (6th Cir. May 27, 2025).  (ECF No. 298).  Hello Farms attempted to use that opportunity to re-argue issues it raised in response to Defendants' post-trial motions.  *See, e.g.,* ECF No. 298, PageID.15445 (discussing evidence allegedly presented at trial).  Defendants

---

[1] In Defendants' exchange with Hello Farms before the filing of this motion, Hello Farms claimed that these Local Rules only apply to "motions" and not "notices." That ignores the substance and purpose of Local Rule 7.1.  Moreover, the motion at issue is Defendants' Rule 50 motion.  The Filing—as explained further below—is an attempt at filing a sur-reply in opposition of Defendants' Rule 50 motion.  As such, Hello Farms required leave of Court to file another memorandum but failed to do so.

2

explained in a 3.5-page response ("Defendants' Supplemental Authority Response") that *Miller* adds nothing substantive to Hello Farms's response to Defendants' post-trial motions. Hello Farms then waited six weeks to file a 24-page reply.

That reply contains numerous issues that were not raised in Defendants' Supplemental Authority Response. For example, Hello Farms spends a whole page discussing *Attard v. Citizens Ins. Co. of Am.*, 237 Mich. App. 311, 321 (1999), a case that Defendants cited in their Renewed Motion for Judgment as a Matter of Law (ECF No. 277, PageID.15034), **but didn't cite or discuss in Defendants' Supplemental Authority Response.** Hello Farms then goes on to cite and discuss *Am. Speedy Printing Centers, Inc. v. AM Mktg., Inc.,* 69 F. App'x 692, 698 (6th Cir. 2003), ***a case that Hello Farms never cited in its response to Defendants' Rule 50 motion***. As such, Hello Farms should not be permitted to file a reply that goes outside the scope of Defendants' response.

Hello Farms also spends several pages of the Filing re-arguing cases and issues it raised in response to Defendants' Rule 50 motion. For example, Hello Farms discusses *Chelsea Inv. Grp. LLC v. Chelsea,* 288 Mich. App. 239, 256, 792 N.W.2d 781, 793 (2010), *see* ECF No. 315, PageId.15584—a case that it cited and discussed in response to Defendants' Rule 50 motion, *see* ECF No. 284, PageID.15282. Because Hello Farms had an opportunity to raise these issues during the briefing on post-trial motions, and has not sought leave to file additional briefs,

3

Hello Farms' Reply should be stricken.

## CONCLUSION

In sum, Defendants respectfully ask this Court to grant this motion and strike ECF No. 315.

| | |
|---|---|
| Date: July 28, 2025 | Respectfully submitted,<br><br>HONIGMAN LLP<br><br>*/s/ William B. Berndt*<br>William B. Berndt<br>Nicholas A. Burandt<br>321 N. Clark St. Suite 500<br>Chicago, IL 60654<br>(312) 701-9300<br>wberndt@honigman.com<br>nburandt@honigman.com<br><br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2025 I electronically filed the foregoing document with the Clerk of the Court using the ECF e-filing system, which will send notification of such filing to all counsel of record.

By: */s/ William B. Berndt*